D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff and the proposed FLSA
Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**GUSTAVO FIGUEROA, on behalf of himself**
**and others similarly situated,**

                    **Plaintiff,**

              **v.**

**GONG HEY FAT CHOI, LLC, d/b/a CATA**
**RESTAURANT, CHRISTOPHER**
**CHESNUTT, and EWA OLSEN,**

                    **Defendants.**
-----------------------------------------------------------x

**CASE NO.**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**
**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant Gong Hey Fat Choi, LLC is a New York limited liability corporation that operates Cata Restaurant on Bowery Street in Manhattan ("Cata").

5.      Upon information and belief, Cata has an annual gross volume of sales in excess of $500,000.

6.      Cata Restaurant is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed Plaintiff and similarly situated employees.

7.      Defendants Ewa Olsen and Christopher Chesnutt are managing owners of Cata, and as such have ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

8.      Plaintiff Gustavo Figueroa worked at Cata Restaurant as a sever for roughly six months, ending in October 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.      Plaintiff brings this Action as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all front-of-the-house tipped employees, including captains, servers, bartenders, bussers, runners and servers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiff").

2

10.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the correct rate.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiff.

11.     This Action is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiff are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiff via first class mail to the last address known to Defendants.

## FACTS

12.     Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

13.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

14.     Defendants paid Plaintiff an hourly wage that was lower than the federal and New York minimum wages.

15.     Defendants were not entitled to use the tip credits set forth under the FLSA and New York Labor Law because they did not give Plaintiffs the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

16.     Plaintiff's weekly pay statements did not include Plaintiff's correct pay rate, the full minimum wage, in violation of NYLL § 195(3).

17.     Defendants knew that nonpayment of minimum wage/overtime would economically injure Plaintiff and violated federal and state laws.

18.     Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

19.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

20.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

21.     Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

22.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.***
**Brought by Plaintiff on Behalf of Himself and the Opt-In Plaintiffs**

23.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

4

24.     Defendants knowingly paid the Plaintiff and the Opt-In Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

25.     Defendants did not pay Plaintiff and the Opt-In Plaintiffs the minimum wage for all hours worked.

26.     Defendants' failure to pay Plaintiff and the Opt-In Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

27.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Opt-In Plaintiffs**

28.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

29.     Defendants did not provide Plaintiff or the Opt-In Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

30.     As a result of Defendants' unlawful conduct, Plaintiff and the Opt-In Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiff;

C.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

G.     Pre-judgment and post-judgment interest, as provided by law; and

H.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
       July 18, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
     D. Maimon Kirschenbaum
     32 Broadway, Suite 601
     New York, NY 10004
     Tel: (212) 688-5640
     Fax: (212) 981-9587

*Attorneys for Named Plaintiff and the*
*proposed FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# EXHIBIT A

DocuSign Envelope ID: 8BCAEEFD-17C7-4C4D-840F-236876172B00

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by **CATA RESTAURANT** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Gustavo

_____
Full Legal Name (Print)

DocuSigned by:

_____
Signature

7/18/2018 6:31:46 AM PDT

_____
Date