JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

**D. MAIMON KIRSCHENBAUM**
**Maimon@jk-llp.com**
**(212) 688-5639**

November 1, 2018

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court-SDNY
40 Foley Square
New York, NY 10007

Re:   *Figueroa v. Cong Hei Fat Choi, LLC. Et al*
          Index No. 18-cv-6473 (VSB)

Dear Judge Broderick:

We represent Plaintiff in the above-captioned matter.   I write to respectfully request that the Court schedule an Initial Conference pursuant to FRCP § 16(b).  All Defendants were served with a Summons and Complaint on July 25, 2018, and Defendants' Counsel appeared on August 10, 2018.

In addition, I asked Defendants' counsel yesterday if they were available to meet and confer as required by FRCP § 26(f).  Defendants refused to do so before November 12, 2018, because they are "still in the process of gathering information from our clients."  However, FRCP § 26(f) requires Parties to meet and confer "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Accordingly, Defendants cannot simply delay discovery by pushing off the meet and confer until they complete gathering information.  In fact, the entire purpose of the meet and confer is to discuss the gathering of information by the parties.  It is also worth noting that this case is an extremely straightforward wage and hour case, and Defendants have had over 2 and a half months to gather information (mostly payroll documents and wage notices). Defendants were required under the FRCP to meet and confer with us by now, and they are simply playing games to shirk this requirement and prevent from serving discovery requests on them.

We respectfully request that Your Honor Order Defendants to (a) meet and confer with us within 3 business days of such Order, and (b) pay Plaintiff for fees relating to this application.  *See* FRCP § 16(f)(2)("the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule…")

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum

Cc: Defendants' Counsel (via ECF